UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN INSTITUTE OF PHYSICS AND BLACKWELL PUBLISHING, LTD., § § § | | |
| Plaintiffs, § § | | |
| -against- § § | No. 3:12-cv-01230-M | |
| WINSTEAD PC AND JOHN DOE NOS. 1-10, § § § § | | |
| Defendants. § | | |

MOTION AND SUPPORTING BRIEF FOR
LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiffs American Institute of Physics ("AIP"), and Blackwell Publishing, Ltd., ("Blackwell") respectfully submit this motion and supporting brief, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for leave to file an amended complaint. The proposed amended complaint withdraws from plaintiffs' copyright infringement claim any allegation that plaintiffs are entitled to relief based upon defendants (i) making such copies of a copyrighted work for submission to the PTO as may be required by the rules and regulations of the PTO, (ii) transmitting such copies to the PTO, or (iii) making an archival copy of that work transmitted to the PTO for defendants' internal file to document what has been transmitted. The amended complaint does not expand plaintiffs' claim, except to add additional copyrights to Schedule A and to add as additional plaintiffs the owners of those copyrights, which are affiliates of Blackwell.

Preliminary Statement

Plaintiffs filed their complaint on April 20, 2012, alleging that defendants had engaged in acts of copyright infringement by making copies of plaintiffs' copyrighted articles in connection with their law practice. Defendants moved to dismiss the complaint on June 1, 2012.

On June 14, 2012, in the action entitled John Wiley & Sons, Ltd. and American Institute of Physics v. McDonnell Boehnen Hulbert & Berghoff LLP and John Doe Nos. 1-10, 12 C 1446 (N.D. Ill. filed Feb. 29, 2012), the United State Patent and Trademark Office ("PTO") filed a motion to intervene as a defendant and counterclaimant. The PTO, among other things, demanded:

> "A. That the court declare, pursuant to 17 U.S.C § 107 and 28 U.S.C. § 2201, that the copying of copyrighted [Non-Patent Literature ("NPL")] and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other [PTO] proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the [PTO] and copies of NPL initially considered but ultimately rejected for inclusion in submission to the [PTO], by or at the direction of Patent applicants, patentees, patent challengers, and/or their representatives, such as defendant McDonnell, constitutes a fair use of such copyrighted works under 17 U.S.C. § 107, and therefore is not an infringement of copyright."

The Court granted the PTO's motion to intervene on June 15, 2012, and the PTO filed its answer and counterclaim the same day.

Plaintiffs now seek to file an amended complaint that continues to allege that defendants have engaged in unauthorized copying in connection with their internal research, but does not allege that this unauthorized copying includes (i) making such copies of a copyrighted work for submission to the PTO as may be required by the rules and regulations of the PTO, (ii) transmitting such copies to the PTO, or (iii) making an archival copy of that work transmitted to the PTO for defendants' internal file to document what has been transmitted. To be clear,

however, such submissions to the PTO may be evidence of broader use and circulation, which would be relevant to these proceedings.

## Argument

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires."

Here, justice should require granting plaintiffs leave to file the proposed amended complaint. No party would suffer any prejudice as a result of allowing the filing of the proposed amended complaint. This action is less than four months old, and neither party has taken any discovery. The proposed amended complaint does not expand the complaint except to add additional copyrights to Schedule A and additional plaintiffs who own those copyrights, both of which are affiliates of Blackwell. The filing of the amended complaint should not impact the motion before the Court as the pleading and fair use issues defendants have raised have only been narrowed. Therefore, no prejudice would result from the filing of an amended complaint.

## Certificate of Conference

Counsel for plaintiffs William Dunnegan spoke with the attorney for defendants, Steve R. Borgman, Esq., on June 29, 2012, and explained to him the substance of the motion for leave to amend the complaint. Mr. Borgman later called Mr. Dunnegan and stated that defendants would oppose the motion.

Conclusion

For the reasons set forth above, plaintiffs respectfully request that the Court grant them leave to file an amended complaint.

Dated: June 30, 2012

Respectfully submitted,

*/s/ James E. Davis*
**JAMES E. DAVIS**
State Bar No. 05504200
**KLEMCHUK KUBASTA, LLP**
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
(214) 367-6000 - Telephone
(214) 587-8451 - Facsimile
EMAIL: jim.davis@kk-llp.com

William Dunnegan (*pro hac vice*)
Laura Scileppi (*pro hac vice*)
Dunnegan & Scileppi LLC
350 Fifth Avenue
New York, New York 10118
(212) 332-8300 - Telephone
(212) 332-8301 - Facsimile
EMAIL: wd@dunnegan.com

Attorneys for Plaintiffs

Certificate of Service

The undersigned certified that a true and correct copy of the foregoing motion and supporting brief, as well as the attached proposed amended complaint, was served upon counsel of record on this 30th day of June, 2012, through the CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Laura Scileppi*
Laura Scileppi

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN INSTITUTE OF PHYSICS, <br> JOHN WILEY & SONS, INC., <br> WILEY PERIODICALS, INC. AND <br> AND BLACKWELL PUBLISHING, LTD., <br><br> Plaintiffs, <br><br> -against- <br><br> WINSTEAD PC AND JOHN DOE <br> NOS. 1-10, <br><br> Defendants. | § § § § § § § § § § § § § § | No. 3:12-cv-01230-M |

**PLAINTIFFS' [PROPOSED] AMENDED COMPLAINT**

Plaintiffs American Institute of Physics ("AIP"), John Wiley & Sons, Inc., Wiley Periodicals, Inc. and Blackwell Publishing, Ltd., (collectively "Wiley"), for their amended complaint against Defendants Winstead PC ("Winstead") and John Does Nos. 1-10 (collectively "Defendants"), aver:

## I. INTRODUCTION

1. This is an action for copyright infringement. It arises from the unauthorized copying and/or distribution of Plaintiffs' copyrighted works by a law firm, and its professionals, in connection with their scientific, technical and medical research on behalf of themselves and their clients, so that both may reap a profit ("Unauthorized Copying"). This amended complaint does not aver that the Unauthorized Copying includes (i) making such copies of a copyrighted work for submission to the PTO as may be required by the rules and regulations of the PTO, (ii) transmitting such copies to the PTO, or (iii) making one archival copy of that work transmitted to the PTO for Defendants' internal file to document what has been transmitted.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claim in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Copyright Act, 17 U.S.C. § 101 et seq.

3. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

## III. PARTIES

4. AIP is a New York not-for-profit corporation with a place of business in Melville, New York.

5. Plaintiff John Wiley & Sons, Inc. is a New York corporation with its principal place of business in Hoboken, New Jersey. It is the indirect parent corporation of Plaintiff Wiley Periodicals, Inc., a Delaware corporation with its principal place of business in Hoboken, New Jersey, and Plaintiff Blackwell Publishing, Ltd., a company registered in England and Wales with its principal place of business in Oxford, England.

6. Winstead is a law firm with its principal place of business in Dallas, Texas.

7. Defendants John Does Nos. 1-10 are partners, associates or other employees of Winstead, whose identities are not currently known to Plaintiffs.

### THE BUSINESS OF PLAINTIFFS

8. Plaintiffs publish many of the world's leading scientific, technology, and medical journals.

9. Plaintiffs' journals consist primarily of peer-reviewed articles, written by one or more scholars, often based upon original research.

10. Plaintiffs invest heavily in publishing their journals. Plaintiffs incur substantial costs for copyediting, proofreading, typesetting, printing, binding, distributing, and marketing

their journals, as well as administering the peer-review process that is integral to the publication of those works and the progress of science.

11.     Each Plaintiff ordinarily requires its authors to assign or exclusively license to it the copyright in each article accepted for publication in one of its journals. This practice enables each plaintiff to maximize the dissemination of each work. Plaintiffs routinely register their copyrights in their journals published in the United States.

12.     Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted journals both through (a) the sale of subscriptions to, and individual issues of, those journals, and (b) the licensing of the rights that the copyright law provides with respect to the content of those journals. Consistent with the purpose of Article 1, Section 8, Clause 8, of the Constitution of the United States, this revenue provides an incentive for creative expression. Plaintiffs would suffer serious financial injury if the copyrights in those journals were not enforced. A substantial decline in their income could cause Plaintiffs to cease publishing one or more deserving journals. This would adversely impact the creation of new works, scholarly endeavor and, ultimately, scientific progress.

## THE UNAUTHORIZED COPYING BY DEFENDANTS

13.     Winstead is engaged in the practice of law. On its website, Winstead states "Winstead's seasoned team aggressively represents clients engaged in the development of advanced technology in order to address the future implications of their investment, ideas, and inventions. We craft tailored strategic and protective IP policies that can be enforced and defended, enabling our clients to support, protect, commercialize, license, and capitalize on their IP assets."

14. Upon information and belief, defendants have engaged in Unauthorized Copying with respect to the copyrighted articles from Plaintiffs' journals, including but not limited to the articles identified on Schedule A.

15. Plaintiffs cannot know the full extent of Defendants' Unauthorized Copying without discovery.

16. This Unauthorized Copying is for the commercial benefit of Defendants and their clients.

### IV. CAUSE OF ACTION
### (Copyright Infringement – 17 U.S.C. § 501)

17. Plaintiffs repeat the averments contained in paragraphs 1 through 16 as if set forth in full.

18. Plaintiffs either own the copyrights in the articles contained in the journals they publish or, alternatively, exclusively license those copyrights ("Plaintiffs' Copyrights").

19. Defendants have infringed certain of the Plaintiffs' Copyrights, including, but not limited to, the copyrights in the articles listed on Schedule A by engaging in Unauthorized Copying.

20. This Unauthorized Copying for the for-profit business purposes of Defendants is not privileged under the law.

21. Defendants are conducting research for the profit of themselves and their clients and are engaging in Unauthorized Copying of Plaintiffs' Copyrights as part of that profit-making activity without due compensation to Plaintiffs. Upon information and belief, Winstead has charged its clients for that Unauthorized Copying and thereby made a direct profit as a result of its infringement.

22. The Unauthorized Copying has involved the copying of the copyrighted articles in their entirety.

23. Plaintiffs publish, sell and distribute journals and license the copyrighted content contained in them for precisely these types of use. Plaintiffs are ready, willing, and able to provide Defendants with licenses for their use either directly, or through their licensing agents. Nevertheless, Defendants have not acquired any of the licenses necessary to make their Unauthorized Copying lawful.

24. The Unauthorized Copying complained of herein has irreparably damaged and, unless enjoined, will continue to irreparably damage the Plaintiffs. Plaintiffs have no adequate remedy at law for the injury resulting from this Unauthorized Copying. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, employees, attorneys, and all persons acting in concert with them, from engaging in Unauthorized Copying.

25. Defendants have willfully infringed the Plaintiffs' Copyrights.

26. Plaintiffs are entitled to recover damages sustained as a result of Defendants' Unauthorized Copying, including (1) Defendants' profits, or (2) Plaintiffs' damages, or alternatively, at Plaintiffs' election, (3) statutory damages.

## V. PRAYER

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment:

A. Preliminarily and permanently enjoining Defendants, their agents, servants, employees, attorneys, and all those acting in concert with them, from engaging in Unauthorized Copying;

B. Awarding Plaintiffs their damages or Defendants' profits, or alternatively,

at Plaintiffs' election, statutory damages, as a result of Defendants' Unauthorized Copying;

      C.    Awarding Plaintiffs their costs and reasonable attorneys' fees in this action; and

      D.    Awarding Plaintiffs such further and further relief as the Court deems just and proper.

Dated: July __, 2012

Respectfully submitted,

*/s/ James E. Davis*
**JAMES E. DAVIS**
State Bar No. 05504200
**KLEMCHUK KUBASTA, LLP**
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
(214) 367-6000 - Telephone
(214) 587-8451 - Facsimile
EMAIL: jim.davis@kk-llp.com

William Dunnegan (*pro hac vice*)
Laura Scileppi (*pro hac vice*)
Dunnegan & Scileppi LLC
350 Fifth Avenue
New York, New York 10118
(212) 332-8300 - Telephone
(212) 332-8301 - Facsimile
EMAIL: wd@dunnegan.com

Attorneys for Plaintiffs

Schedule A

AIP

Kong, J., et al., "Chemical profiling of single nanotubes: Intramolecular p-n-p junctions and on-tube single-electron transistors," Applied Physics Letters, vol. 80, Number 1, pp. 73-75, 2002; that is the subject of U.S. Certificate of Copyright Registration TX 5-494-318, registered on January 7, 2002.

Hur, S.-H., et al., "Extreme bendability of single-walled carbon nanotube networks transferred from high-temperature growth substrates to plastic and their use in thin-film transistors," Applied Physics Letters, vol. 86, No. 24, pp. 243502-1 - 243502-3 (2005).

Jensen, K., et al., "Current-controlled nanotube growth and zone refinement," Applied Physics Letters , vol. 86, No. 17, pp. 173107-1 - 173107-3 (2005) that is a subject of U.S. Certificate of Copyright Registration No. TX 6-178-976, registered on May 20, 2005.

Krive, I.V., et al., "Carbon 'peapods'—a new tunable nanoscale graphitic structure (Review)," Low Temperature Physics, vol. 32, No. 10, pp. 887-905 (2006) that is a subject of U.S. Certificate of Copyright Registration No. TX 6-523-222, registered on January 31, 2007.

Li, C., et al., "Fabrication approach for molecular memory arrays," Applied Physics Letters, vol. 82, No. 4, pp. 645-647 (2003) that is a subject of U.S. Certificate of Copyright Registration No. TX 5-687-732, registered on January 30, 2003.

Yuzvinsky, T.D., et al., "Precision cutting of nanotubes with a low-energy electron beam," Applied Physics Letters, vol. 86, No. 5, pp. 053109-1 - 053109-3 (2005) that is a subject of U.S. Certificate of Copyright Registration No. TX 6-171-750, registered on February 24, 2005.

Zhang, Z., et al., "Coaxial nanocable: Carbon nanotube core sheathed with boron nitride nanotube," Applied Physics Letters, vol. 90 No. 13, pp. 133103-1 - 1033103-3 (2007) that is a subject of U.S. Certificate of Copyright Registration No. TX 6-573-505, registered on May 8, 2007.

Wiley

John Wiley & Sons, Inc.

Chow, Y.W., et al., "An innovative monopole antenna for mobile-phone handsets," Microwave and Optical Technology Letters, vol. 25, No. 2, pp. 119-121 (2000) that is a subject of U.S. Certificate of Copyright Registration TX 5-097-525, registered on May 17, 2000.

Chang, J., et al., "Hybrid fractal cross antenna," Microwave and Optical Technology Letters, vol. 25, No. 6, pp. 429-435 (2000) that is a subject of U.S. Certificate of Copyright Registration TX 5-133-481, registered on July 19, 2000.

Wong, S., et al., "Analysis and bandwidth enhancement of Sierpinski carpet antenna," Microwave and Optical Technology Letters, vol. 31, No. 1, pp. 13-18 (2001) that is a subject of U.S. Certificate of Copyright Registration TX-5-426-073, registered on December 6, 2001.

Lu, J.-H., et al., "Slot-coupled small triangular microstrip antenna," Microwave and Optical Technology Letters, vol. 16, No. 6, pp. 371-374 (1997) that is a subject of U.S. Certificate of Copyright Registration TX 4-601-933, registered on December 11, 1997.

Blackwell

Li, J., et al., "Enhanced germicidal effects of pulsed UV-LED irradiation on biofilms," Journal of Applied Microbiology, vol. 109, No. 6, pp. 2183-2190 (2010) that is a subject of U.S. Certificate of Copyright Registration TX 7-279-489, registered on December 15, 2010.

Wiley Periodicals, Inc.

Huang, C.-H., "Slotted ground plane for frequency tunable dielectric resonator antenna," Microwave and Optical Technology Letters, vol. 35, No. 3, pp. 193-195 (2002) that is a subject of U.S. Certificate of Copyright Registration TX 5-650-314, registered on January 16, 2003.