UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMERICAN INSTITUTE OF PHYSICS, and BLACKWELL PUBLISHING, LTD. <br><br> Plaintiffs, <br><br> v. <br><br> WINSTEAD PC, and JOHN DOES NOS. 1-10, <br><br> Defendants, <br><br> and <br><br> THE UNITED STATES PATENT AND TRADEMARK OFFICE, <br><br> Intervening Defendant. | No. 3:12-cv-01230-M |

**ANSWER, DEFENSES, AND COUNTERCLAIM OF INTERVENOR
THE UNITED STATES PATENT AND TRADEMARK OFFICE**

The United States Patent and Trademark Office (USPTO), by and through Sarah R. Saldaña, United States Attorney for the Northern District of Texas, answers the complaint as follows:

**ANSWER**

First Defense

The copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or

at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Winstead constitutes a fair use of such copyrighted works under 17 U.S.C. § 107, and therefore is not an infringement of copyright.

<u>Second Defense</u>

Answering the specific allegations of plaintiff's complaint, the USPTO admits, denies or otherwise avers as follows:

## I. INTRODUCTION

1.    **Complaint:** This is an action for copyright infringement. It arises from the unauthorized copying and/or distribution of plaintiffs' copyrighted works by a law firm and its professionals in connection with their preparation and prosecution of patent applications for profit.

**Answer:** The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

## II. JURISDICTION AND VENUE

2.    **Complaint:** This Court has subject matter jurisdiction over the claim in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Copyright Act, 17 U.S.C. § 101 <u>et</u> <u>seq</u>.

**Answer:** The USPTO admits subject matter jurisdiction over the claim asserted.

3.    **Complaint:** Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

**Answer:** The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

### III. PARTIES

4.    **Complaint:** AIP is a New York not-for-profit corporation with its principal place of business in Melville, New York.

**Answer:** The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

5.    **Complaint:** Blackwell is a company registered in England and Wales with its principal place of business in Oxford, England.

**Answer:** The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

6.    **Complaint:** Winstead is a law firm with its principal place of business in Dallas, Texas.

**Answer:** The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

7.    **Complaint:** Defendants John Doe Nos. 1-10 are partners, associates or other employees of Winstead, whose identities are not currently known to plaintiffs.

**Answer:** The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

### THE BUSINESS OF PLAINTIFFS

8.    **Complaint:** Plaintiffs publish many of the world's leading scientific, technology, and medical journals.

**Answer:** The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

9.    **Complaint:** Plaintiffs' journals consist primarily of peer-reviewed articles, written by one or more scholars, often based upon original research.

**Answer:** The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

10.    **Complaint:** Plaintiffs invest heavily in publishing their journals. Plaintiffs incur substantial costs for copyediting, proofreading, typesetting, printing, binding, distributing, and marketing their journals, as well as administering the peer-review process that is integral to the publication of those works and the progress of science.

**Answer:** The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

11.    **Complaint:** Each plaintiff ordinarily requires its authors to assign or exclusively license to it the copyright in each article accepted for publication in one of its journals. This practice enables each plaintiff to maximize the dissemination of each work. Plaintiffs routinely register their copyrights in their journals published in the United States.

**Answer:** The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

12.    **Complaint:** Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted journals both through (a) subscriptions to, and the sale of individual issues of, those journals, and (b) the licensing of the rights that the copyright law provides with respect to the content of those journals. Consistent with the purpose of Article 1,

4

Section 8, Clause 8, of the Constitution of the United States, this revenue provides an incentive for creative expression. Plaintiffs would suffer serious financial injury if the copyrights in those journals were not enforced. A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving journals. This would adversely impact the creation of new works, scholarly endeavor and, ultimately, scientific progress.

**Answer:**  The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

THE UNLAWFUL ACTS OF DEFENDANTS

13.    **Complaint:**  Winstead is engaged in the practice of law. On its website, Winstead states "Winstead's seasoned team aggressively represents clients engaged in the development of advanced technology in order to address the future implications of their investment, ideas, and inventions. We craft tailored strategic and protective IP policies that can be enforced and defended, enabling our clients to support, protect, commercialize, license, and capitalize on their IP assets."

**Answer:**  The USPTO admits that attorneys from the Winstead law firm practice before the USPTO representing applicants for United States Patents.  The USPTO lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation, and so denies the same.

14.    **Complaint:**  In connection with researching, filing, and prosecuting certain patent applications, Winstead made and/or distributed to the United States Patent and Trademark Office ("PTO"), and perhaps others, unauthorized copies of copyrighted articles from plaintiffs' journals, including but not limited to those identified on Schedule A. Such unauthorized copies were used for the commercial benefit of defendants and their clients.

5

**Answer:**   The USPTO admits that attorneys from the Winstead firm have submitted copies of prior art materials in the form of published articles in connection with patent applications ("non-patent literature" or NPL") for which Winstead is attorney of record.  The USPTO lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation, and so denies the same.

15.    **Complaint:**  Upon information and belief, defendants made (a) additional copies of the copyrighted works that defendants included or cited in their patent applications to the PTO, including those identified on Schedule A, and (b) copies of plaintiffs' copyrighted works that defendants considered in connection with those applications, but did not ultimately cite or provide to the PTO. Plaintiffs cannot know the full extent of defendants' copying without discovery. Apart from the copying of plaintiffs' works accompanying the patent filings described above, this internal copying infringes plaintiffs' copyrights.

**Answer:**   The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

## IV. CAUSE OF ACTION
### (Copyright Infringement – 17 U.S.C. § 501)

16.    **Complaint:**  Plaintiffs repeat the averments contained in paragraphs 1 through 15 as if set forth in full.

**Answer:**   The USPTO repeats and re-alleges its answers to paragraphs 1 – 15 above as if fully set forth herein.

17.    **Complaint:**  Plaintiffs either own the copyrights in the articles contained in the journals they publish or, alternatively, exclusively license those copyrights ("Plaintiffs' Copyrights").

**Answer:**   The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

18.    **Complaint:**   Defendants have infringed certain of the Plaintiffs' Copyrights, including, but not limited to, the copyrights in the articles listed on Schedule A by making unauthorized copies of them for internal use and for distribution outside Winstead.

**Answer:**   The USPTO denies that the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers and/or their representatives, such as defendant Winstead, infringes any United States Copyrights in such NPL.  The USPTO lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation, and so denies the same.

19.    **Complaint:**   This mere multiplication of copies for the for-profit business purposes of Defendants is not privileged under the law.

**Answer:**   The USPTO denies that the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Winstead, infringes any United

7

States Copyrights in such NPL.  The USPTO lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation, and so denies the same.

20.    **Complaint:**  Defendants are prosecuting patents for the profit of themselves and their clients and are using Plaintiffs' Copyrights as part of that profit-making activity without due compensation to plaintiffs. Upon information and belief, Winstead has charged its clients for the copies it has made of Plaintiffs' copyrighted works, and thereby made a direct profit as a result of its infringement.

**Answer:**   The USPTO denies that the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Winstead, infringes any United States Copyrights in such NPL.  The USPTO lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation, and so denies the same.

21.    **Complaint:**   Defendants have copied and/or distributed the copyrighted articles in their entirety.

**Answer:**   The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

22.    **Complaint:**   Plaintiffs publish, sell and distribute journals and license the copyrighted content contained in them for precisely these types of use. Plaintiffs are ready, willing, and able to provide Defendants with licenses for their use either directly, through their

licensing agents, or otherwise. Nevertheless, Defendants have not acquired any of the licenses necessary to make their copying and distribution of Plaintiffs' copyrighted articles lawful.

**Answer:** The USPTO lacks knowledge or information sufficient to form a belief about the truth of this allegation, and so denies the same.

23.   **Complaint:**   The acts of Defendants have irreparably damaged and, unless enjoined, will continue to irreparably damage the Plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, employees, attorneys, and all persons acting in concert with them, from infringing the Plaintiffs' Copyrights.

**Answer:** The USPTO denies that the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Winstead, infringes any United States Copyrights in such NPL, has wronged, injured, or damaged any United States Copyright holder, or should be enjoined.  The USPTO lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation, and so denies the same.

24.   **Complaint:** Defendants have willfully infringed the Plaintiffs' Copyrights.

**Answer:** The USPTO denies that the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or

relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Winstead, infringes any United States Copyrights in such NPL or results in any compensation due any United States Copyright holder.  The USPTO lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation, and so denies the same.

25.    **Complaint:**  Plaintiffs are entitled to recover damages sustained as a result of Defendants' unlawful conduct, including (1) Defendants' profits, or (2) Plaintiffs' damages, or alternatively, at Plaintiffs' election, (3) statutory damages.

**Answer:**   The USPTO denies that the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Winstead, infringes any United States Copyrights in such NPL or results in any compensation due any United States Copyright holder.  The USPTO lacks knowledge or information sufficient to form a belief about the truth of the balance of this allegation, and so denies the same.

COUNTERCLAIM FOR DECLARATORY JUDGMENT

Intervening defendant and counterclaim plaintiff USPTO hereby counterclaims for a declaratory judgment of non-infringement of copyright as to the copying of copyrighted NPL and

distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Winstead, for purposes of (1) the filing and prosecution of a U.S. patent application, and (2) the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent.  In support, the USPTO alleges as follows:

Parties

1.     Counterclaim plaintiff is the USPTO.

2.     On information and belief derived from the allegations in the Complaint in this matter, counterclaim defendant American Institute of Physics is a New York not-for-profit corporation with its principal place of business in Melville, NY.

3.     On information and belief derived from the allegations in the Complaint in this matter, counterclaim defendant Blackwell Publishing Ltd., is a United Kingdom corporation with its principal place of business in Oxford, England.

Jurisdiction and Venue

4.     This is a counterclaim for a declaratory judgment pursuant to the Declaratory Judgment Act.  Subject matter jurisdiction over this counterclaim is based upon 28 U.S.C. §§ 1331, 1338, 1345, and 2201(a).

5.     Personal jurisdiction and venue are proper in this judicial district under 28 U.S.C. §§ 1391, 1400, and 1402.

Allegations

6.      Article I, Section 8 of the United States Constitution provides, in pertinent part, that "Congress shall have the Power . . . To promote the Progress of Science and the useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries.

7.      Pursuant to this constitutional grant of authority, Congress enacted the Patent Act, 35 U.S.C. § 100 *et seq.*

8.      Section 101 of the Patent Act provides that "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefore, subject to the conditions and requirements of this title."

9.      Section 102 of the Patent Act further provides that "A person *shall* be entitled to a patent *unless*—(a) the invention was known or used by others in this country, or patented *or described in a printed publication* in this or a foreign country, before the invention thereof by the applicant for patent, or (b) the invention was patented *or described in a printed publication* in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States . . . ." (Emphases added).

10.     Section 103(a) of the Patent Act further provides that "A patent may not be obtained . . . if the differences between the subject matter sought to be patented and the *prior art* are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." (emphasis added).

11.     Pursuant to the authority granted it in 35 U.S.C. § 2(b)(2), the USPTO promulgated regulations governing the conduct of proceedings before it.  These regulations appear in Title 37 of the United States Code of Federal Regulations.

12.     In order for the USPTO to determine whether patent applications comply with the statutory directives in 35 U.S.C. §§ 102 and 103(a), the USPTO promulgated a regulation, set forth at 37 C.F.R. § 1.56, which imposes upon patent applicants a duty to disclose information material to patentability.  This regulation provides, in pertinent part:

> (a) A patent by its very nature is affected with a public interest. *The public interest is best served*, and the most effective patent examination occurs when, at the time an application is being examined, *the Office is aware of and evaluates the teachings of all information material to patentability*.  Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a *duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section*. . . .  The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98.  . . .   The Office encourages applicants to carefully examine:
>
> > . . . (2) The closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.  (Emphases added)

13.     37 C.F.R. § 1.51 encourages patent applicants to file "an information disclosure statement" (IDS) along with the application.  The IDS lists all publications the applicant believes should be submitted for consideration in order to fulfill the duty of candor in § 1.56.  Under 37 C.F.R. § 1.98, the applicant is required to include with the IDS a copy of each such publication listed in the IDS, along with a concise explanation of its relevance to the patentability of the alleged invention.

14.     To ensure that issued patents are enforceable only to the extent justified by the state of the prior art when they issued, 35 U.S.C. § 301 permits "any person" to submit potentially material prior art printed publications for inclusion in the patent file.

15.     To further the effectiveness of the USPTO's ability to determine the merit of patent applications, a newly enacted provision of the America Invents Act, which will be codified at 35 U.S.C. § 122(e) upon taking effect in September 2012, will permit any third party to submit to the USPTO printed publications "of potential relevance to the examination of the application."

16.     To the same effect, 37 C.F.R. § 1.99 also permits members of the public to submit publications relevant to a pending published patent application.

17.     In addition to facilitating the applicant's fulfillment of the duty of candor, submission of relevant publications also facilitates the USPTO patent examiner's obligation, set forth in 37 C.F.R. § 1.104, to "make a thorough examination of the available prior art relating to the subject matter of the claimed invention."

18.     All of these statutory enactments and duly promulgated regulations exist to faithfully implement the Constitution's directive to Congress "[t]o promote the Progress of Science and the useful Arts" by ensuring that inventors have exclusive, limited-in-time rights in their discoveries.

19.     When a patent attorney, in the course of representing a patent applicant, submits a copy or copies of a "printed publication" (for purposes of permitting the patent examiner to evaluate patentability under 35 U.S.C. § 102) or a publication in the "prior art" (for purposes of permitting the patent examiner to evaluate patentability under 35 U.S.C. § 103(a)) by submitting it in an IDS or at another time during the patent examination process, the patent attorney is doing so because of the requirements of the United States Code, the United States Code of Federal Regulations, and his or her oath of office as a member of the bar of the USPTO.

20.     While the issuance of a U.S. Patent may or may not, depending on the desire of the inventor or the inventor's assignee, present the holder with the ability to seek a profit through

enforcement of the patent, it primarily and more directly serves a Constitutionally enshrined example of the public interest in "promot[ing] the Progress of Science and the useful Arts."

21.     Copyrighted printed publications are submitted to and reviewed by the USPTO for the purpose of permitting the USPTO to compare the alleged invention with the state of the existing art at the time of the alleged invention in order to determine whether a patent applicant has invented or discovered something "new and useful" as required by statute, and not to publicize or take credit for the author's research or hypothesis.

22.     The copyrighted printed publications submitted to the USPTO in the discharge of the above-described obligations thus are submitted solely for their ideas and factual content, and not for any expressive content.

23.     The USPTO's assessment of material and potentially relevant prior art printed publications has been part of the patent examination process since the Patent Act of 1836 conditioned the granting of patents only if the alleged invention was not previously "described in any printed publication."  Yet the USPTO is unaware of the filing of any lawsuit challenging the copying and submission of copyrighted NPL prior to this year.

24.     The copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Winstead, constitutes a fair use of such copyrighted works under 17 U.S.C. § 107, and therefore is not an infringement of copyright.

**PRAYER FOR RELIEF**

WHEREFORE, The USPTO prays that the Court enter judgment in favor of defendants and against plaintiffs as follows:

A.     That the Court declare, pursuant to 17 U.S.C. § 107 and 28 U.S.C. § 2201, that the copying of copyrighted NPL and distribution thereof, which copying and/or distribution is necessary and incidental to the filing and prosecution of a U.S. patent application and/or the conduct of other USPTO proceedings concerning or relating to the scope or validity of any issued U.S. Patent, including copies of NPL actually submitted to the USPTO and copies of NPL initially considered but ultimately rejected for inclusion in submissions to the USPTO, by or at the direction of patent applicants, patentees, patent challengers, and/or their representatives, such as defendant Winstead, constitutes a fair use of such copyrighted works under 17 U.S.C. § 107, and therefore is not an infringement of copyright.

B.     That the Court dismiss plaintiffs' claims with prejudice;

C.     That the Court award defendants their reasonable attorneys' fees as part of the costs; and

D.     That the Court award the defendants such other or further relief that the Court deems just.

                              Respectfully submitted,

                              SARAH R. SALDAÑA
                              United States Attorney


                          By: s/Tami C. Parker_____
                              TAMI C. PARKER
                              Assistant United States Attorney
                              Earle Cabell Federal Building,
                              1100 Commerce Street, Suite 300,
                              Dallas, Texas 75242-1699
                              (214) 659-8600

JOHN FARGO
Director, Intellectual Property Staff
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C.  20530
(202) 514-7223
 john.fargo@usdoj.gov


BERNARD J. KNIGHT, JR.
General Counsel
RAYMOND T. CHEN
Solicitor
THOMAS W. KRAUSE
THOMAS L. CASAGRANDE
Associate Solicitors
United States Patent and Trademark Office
Madison Building East, Room 10B20
600 Dulany Street
Alexandria, Virginia 22314

## Certificate of Service

I hereby certify that on August 17, 2012, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

> James E. Davis
> KLEMCHUK KUBASTA LLP
> 8150 N. Central Expressway
> Campbell Centre II, Suite 1000
> Dallas, Texas 75206
>
> Laura Scileppi
> DUNNEGAN & SCILEPPI LLC
> 350 Fifth Avenue, Suite 4908
> New York, New York 10118
>
> William Dunnegan
> DUNNEGAN & SCILEPPI LLC
> 350 Fifth Avenue, Suite 4908
> New York, New York 10118
>
> George M. Kryder
> VINSON & ELKINS
> Trammel Crow Center
> 2001 Ross Avenue, Suite 3700
> Suite 3700
> Dallas, Texas 75201-2975
>
> Janice L. Ta
> VINSON & ELKINS
> 2801 Via Fortuna, Suite 100
> Austin, Texas 78746

Lauren E. Leahy
Trammel Crow Center
2001 Ross Avenue, Suite 3700
Suite 3700
Dallas, Texas 75201-2975

Steven R. Borgman
VINSON & ELKINS
First City Tower
1001 Fannin Street, Suite 2300
Houston, Texas 77002-6760


s/ Tami C. Parker_____
Assistant United States Attorney

19